WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Farah Harb, II,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-18-08359-PCT-MTL<br><br>**ORDER** |

Pending before the Court is Magistrate Judge John Z. Boyle's Report and Recommendation ("R&R") (Doc. 11), recommending that the Court deny the Petition for Writ of Habeas Corpus (Doc. 1) and dismiss it with prejudice. Also before the Court are Petitioner's Motion for Sanctions (Doc. 17) and Motion to Strike the Response to the Objection (Doc. 16). After considering the R&R, the Petition (Doc. 1), the Objection (Doc. 12) and the Response to the Objection (Doc. 14), the Court will overrule the Objection and adopt the recommendation to dismiss the Petition. The Court also denies the Motion for Sanctions (Doc. 17) and Motion to Strike (Doc. 16).

**I.　BACKGROUND**

A grand jury indicted Petitioner George F. Harb II on 12 counts of sexual exploitation of a minor, all relating to child pornography. (Doc. 8-1 at 7-9.) Petitioner later entered into an agreement in which he pleaded guilty to one count of sexual exploitation of a minor and three counts of attempted sexual exploitation of a minor. (*Id.* at 35.) He was sentenced in December 2015. (*Id.* at 54-57.) Petitioner did not seek post-

conviction relief before the March 7, 2016 deadline. Instead, he waited more than two years after his sentence to file a special action petition to the Arizona Court of Appeals. (*Id*. at 64-73.) Jurisdiction was denied. (*Id*. at 86.) Shortly thereafter, the Arizona Supreme Court denied the petition for review. (*Id*. at 97.)

On December 26, 2018, Petitioner filed a Petition for Writ of Habeas Corpus with this Court. (Doc. 1.) The Petition alleged one ground for relief: that the statute under which Petitioner was charged requires the State to allege the identity of the victim. Because the indictment did not do so, the Petition argues, the state court did not have jurisdiction and Petitioner's prosecution and conviction violated the 14th Amendment's Due Process Clause. (*Id*. at 6.)

## II. LEGAL ANALYSIS

### A. Legal Standard on Petition for Writ of Habeas Corpus

When a federal district court reviews a state prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254, "it must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (*quoting* 28 U.S.C. § 2254). The Court shall not grant the petition unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

This Court reviews *de novo* those portions of the Magistrate Judge's report subject to an objection. 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. District courts are not required to review "any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Habeas petitions are governed by the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA"). 28 U.S.C. § 2244. AEDPA provides a one-year statute of limitations concerning habeas petitions. 28 U.S.C. § 2244(d)(1). That period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1), (d)(2).

### B. Petitioner's Objections

**Objection One**:

Petitioner argues that the R&R erroneously applied ADEPA's one-year statute of limitations beginning on the day Petitioner's deadline to seek post-conviction relief passed. *See* 28 U.S.C. § 2244(d)(1)(A). (Doc. 12 at 2.) He argues that the R&R should have applied § 2244(d)(1)(D) instead. (*Id*.) That section states that the statute of limitations shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner's Objection argues that, under § 2244(d)(2), the R&R should have found that statutory tolling applied during the pendency of his state court special action petition. (*Id.*)

The R&R correctly found that § 2244(d)(2) tolling does not apply here. A special action, filed years after conviction, does not trigger § 2244(d)(2) in the way a timely petition for post-conviction relief would. Further, tolling only pauses the statute of limitations during state court proceedings. The statute of limitations had already expired months before Petitioner filed the special action. (Doc. 11 at 3.) Thus, tolling does not help Petitioner.

Also correct is the R&R's recommendation that § 2244(d)(1)(D) does not apply. That section applies where a petitioner discovers previously unknown facts, not, as is the case here, when a petitioner figures out a new legal theory. *See Holmes v. Spencer*, 685 F.3d 51, 59 (1st Cir. 2012). Here, Petitioner knew of the factual predicate of his indictment in July 2014. The R&R correctly found that the statute of limitations began once the time for Petitioner to seek post-conviction relief expired. (Doc. 11 at 3-4.) The objection is overruled.

**Objection Two:**

After rejecting the statutory tolling argument, the R&R analyzed whether equitable tolling might allow the Court to review the Petition. (Doc. 11 at 4-6.) The R&R found that equitable tolling does not apply. (*Id*. at 5.) Petitioner's Objection argues that the equitable tolling analysis was irrelevant. Petitioner repeats his argument that the R&R should have found that § 2244(d)(1)(D) allows him to file a habeas petition within a year of discovering his due process theory. (*See* Doc. 12 at 4.) As explained in addressing the previous objection, § 2244(d)(1)(D) does not apply. The R&R's additional inquiry into whether equitable tolling might also apply was harmless. The objection is overruled.

**Objection Three:**

Petitioner argues that the R&R erroneously recommended that the Court deny a Certificate of Appealability. (Doc. 12 at 5-7.) When the Court denies a habeas petition on procedural grounds, rather than on the merits, a Certificate of Appealability is appropriate only when "jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the Magistrate Judge's recommendation rests on the timeliness of the Petition rather than an analysis of the due process claim, it is a procedural ruling.

The Court reviews Petitioner's merits argument here for the limited purpose of determining whether reasonable jurists would find a valid claim for relief. As the State notes in its Response to the Objection (Doc. 14 at 5), there is no due process right to indictment. *See Alexander v. Louisiana*, 405 U.S. 625, 633 (1972). Nor does the record show that the State's failure to specify the name of the victims renders the indictment an insufficient notice of the charges against Petitioner. No jurist of reason would find that Petitioner has stated a valid claim of denial of a constitutional right and that this Court's procedural ruling was incorrect. Therefore, the objection is overruled, and the Court will deny a Certificate of Appealability.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** adopting the Report and Recommendation. (Doc. 11.)

**IT IS FURTHER ORDERED denying** the Petition for Writ of Habeas Corpus (Doc. 1) and dismissing it with prejudice.

**IT IS FURTHER ORDERED denying** Petitioner's request for a Certificate of Appealability. (Doc. 12 at 7.)

**IT IS FURTHER ORDERED denying** the Motion to Strike (Doc. 16) and the Motion for Sanctions (Doc. 17).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment.

Dated this 12th day of March, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge